UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiff/Counter-Defendant, | )<br>) |
| v. | )<br>) |
| ALLISON ENTERPRISES, INC. d/b/a MID AMERICA VISION, MID AMERICA BENEFIT SERVICES, INC., and LAWRENCE SILVER, | )<br>)<br>)     12 C 4097<br>)<br>) |
| Defendants/Counter/Third-Party Plaintiffs, | )<br>) |
| ANTONIO CASTRO, JULIE CHAMBERLIN, JAMES CONNOLLY, MARTIN FLANAGAN, RICHARD GRABOWSKI, CHARLES GALLAGHER, CLIFTON HORN, RICHARD KUCZKOWSKI, CHARLES LOVERDE, DAVID LORIG, DENNIS MARTIN, and SCOTT PAVLIS, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Third-Party Defendants. | ) |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motion of Third-Party and Counter-Defendants Board of Trustees of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (the "Board") and Antonio Castro, Julie Chamberlin, James Connolly, Martin Flanagan,

Richard Grabowski, Charles Gallagher, Clifton Horn, Richard Kuczkowski, Charles Loverde, David Lorig, Dennis Martin, and Scott Pavlis (the "Trustees") (collectively "Counter-Defendants") to dismiss the third-party complaint and counterclaim of Third-Party and Counter-Plaintiff Allison Enterprises, Inc., d/b/a Mid America Vision and Mid America Benefit Services, Inc. ("MAV") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is granted.

## BACKGROUND

In the Court's prior ruling on a motion to dismiss filed by MAV, the following allegations taken from the Board's complaint were set forth and taken as true for the purposes of deciding the motion. They are here repeated for ease of comprehension in addressing the third-party complaint and counter-claim which is the subject of the current motion to dismiss by Counter-Defendants.

The Board is a fiduciary to the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (the "Fund"). The Fund is an employee benefit plan (the "Plan") as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1002(3). MAV, an Illinois corporation, and Lawrence Silver ("Silver"), MAV's President and primary shareholder, were fiduciaries to the Plan.

Pursuant to their roles as fiduciaries, MAV and the Fund entered into the Vision Services Discount Fee Agreement (the "Agreement") on July 1, 1997, taking effect immediately. The Agreement provided for the Fund's participants' and

beneficiaries' ("Participants") attainment and payment of vision care ("care"). Under the Agreement, Participants received care from vision care providers ("Providers"), who would invoice MAV for the rendered services at pre-negotiated rates. As the Plan's claims administrator, MAV would grant or deny Providers' claims. MAV would then submit approved claims to the Fund, which would in turn tender Plan assets to MAV. Upon receipt of Plan assets, MAV was obligated to remit payment directly to the Providers for the amount owed. Under the Agreement, "[n]either the Fund, nor its participants or beneficiaries shall have any obligation to directly pay a [MAV] participating provider any of the amounts" covered by Plan assets. The Agreement further granted the Fund the right to audit MAV's books that related to the Agreement. Unless the Agreement was terminated by either MAV or the Board, it automatically renewed annually. MAV could terminate the Agreement for cause only, while the Board could freely terminate the Agreement as long as it provided MAV at least sixty days written notice of its intent to do so.

On October 6, 2011, the Fund notified MAV of its intent to terminate the Agreement on January 1, 2012. Between October 6th and January 1st, the Fund continued to receive approved claims from, and tendered at least $1 million, to MAV. Despite this, MAV and Silver withheld at least $95,000 of Plan assets owed to Providers. Silver received multiple phone calls from the Fund and shortchanged Providers who were inquiring into the whereabouts of the withheld monies, but Silver provided no substantive response. As a result of MAV's and Silver's failure to pay

the Providers, the Providers have threatened to directly bill Participants for the amounts owed by MAV.

The Board brought a four-count complaint against MAV and Silver for breach of fiduciary duty and unjust enrichment under ERISA, 29 U.S.C. §§ 1109(a), 1132(a)(3), for MAV's and Silver's withholding Plan assets and failing to pay Providers as required under the Agreement. The Board sought damages, restitution, an audit of MAV's books, and injunctive relief. MAV and Silver brought a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and failure to state a claim, respectively.

For the reasons expressed in the Court's opinion of October 4, 2012, MAV's motion to dismiss was denied in its entirety. The third-party complaint alleges that each of the Trustees breached his or her fiduciary duties to the Plan by failing to monitor the Fund's assets submitted to MAV for payment to Providers (Count I) and failing to monitor MAV's assets (Count II). MAV's claims are predicated on a theory of breach of fiduciary duty (Count III). Additionally, MAV claims it was not paid for services provided to the Fund and seeks recovery on theories of Quantum Meruit and Unjust Enrichment.

In substance, MAV seeks relief for itself due to its own breach of fiduciary duty. As explained below, fiduciaries who commit malfeasance are not entitled to contribution for their own bad acts. Those claims must be dismissed. The

Counterclaim for claimed uncompensated services must also be dismissed for the reasons described.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Scanlan v. Eisenberg*, 669 F.3d 638, 641 (7th Cir. 2012). The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations and merely must provide enough factual support to raise its right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must allow the court to draw the reasonable inference that the defendant is liable for the purported misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss under Rule 12(b)(6). *Id.* at 678.

## DISCUSSION

I. Third-Party Complaint

Though the third-party complaint contains three counts, the relief sought is consistent throughout (contribution and/or indemnification), and the Court can address

the complaint as a whole in ruling on the instant motion. MAV characterizes itself as a "pusher of papers." Hence, MAV contends, if it mismanaged funds that should have been paid to Providers but were not, this mismanagement occurred as a result of the failure of the Trustees to monitor MAV adequately to guard against such errors. As a result, MAV posits, the Trustees, who are co-fiduciaries, breached their fiduciary duty and should indemnify or pay contribution for any judgment rendered against MAV if it is found to have breached its fiduciary duty.

The Court is not persuaded by Mav's theory. In *Free v. Briody*, 732 F.2d 1331 (7th Cir. 1984), the Seventh Circuit recognized a right of indemnification among co-fiduciaries in the event of a breach of a fiduciary duty. However, *Free* involved a situation where a passive trustee was seeking indemnification from a more blameworthy active trustee. *Id.* at 1337-38. Since *Free*, the Supreme Court has decided *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985). *Russell* calls into question the viability of *Free*, for the Court in Russell held that Section 409 of ERISA, 29 U.S.C. § 1109, authorizes only relief "for the plan itself." *See id.* at 144; *see also BP Corp. N. Am. v. N. Trust Invs., N.A.*, 692 F. Supp. 2d 980, 984-85 (N.D. Ill. 2010). However, as in *BP*, this Court need not address the viability of *Free*, for *Free* is inapposite.

The exception articulated in *Free* relates to a situation where a passive trustee has sought indemnification from a co-fiduciary who has committed an active breach of a fiduciary duty. In the instant case, MAV appears to allege only that the Trustees

did not monitor MAV adequately. MAV was in possession of the monies that have not been remitted to the Providers. MAV, therefore, was the active fiduciary, whereas the Trustees were passive fiduciaries. Inadequate supervision is an act of nonfeasance, not one of malfeasance. *See BP*, 692 F. Supp. 2d at 985. The instant case is, therefore, distinguishable from *Free*.

The Seventh Circuit has never expressly recognized a right of contribution among co-fiduciaries pursuant to ERISA. In dictum, the Seventh Circuit has approved of such a right. *See Alton Mem'l Hosp. v. Metropolitan Life Ins. Co.*, 656 F.2d 245, 250 (7th Cir. 1981). However, this Court is only bound by *Free* and the narrow exception that it articulated with respect to indemnification of a co-fiduciary. The Court, having found that exception inapplicable, declines to read a broad right of contribution among co-fiduciaries under ERISA based solely on the dictum in *Alton Mem'l Hosp.*, especially in light of the decision in *Russell*, which well could "squarely invalidate the holding in *Free*." *See BP*, 692 F. Supp. 2d at 985. Hence, the third-party complaint must be dismissed.

II. Counterclaims

MAV has brought counterclaims for quantum meruit and unjust enrichment. MAV alleges that it has not been compensated for its services since it commenced its work with the Fund in 1997. MAV asks this Court to evaluate its claims under Illinois law, while the Board argues that ERISA preempts the state law claims.

The Court first notes that MAV has pleaded jurisdiction for its counterclaims pursuant to ERISA. The Court is perplexed as to how jurisdiction exists for claims under a law that is inapplicable to those claims. Regardless, the Court concurs with the Board's preemption argument. ERISA preempts "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). A state law claim so relates "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983). In the present case, the Fund is an employment plan under ERISA, as MAV states. The services for which MAV seeks compensation involve the Fund, as they were performed for its benefit. Hence, ERISA preempts MAV's state law claims.

The Court concurs with the Board's argument that the counterclaims are barred by ERISA's statute of limitations. A statute of limitations defense is generally not subject to a motion to dismiss because it is an affirmative defense, and a plaintiff does not need to anticipate or overcome affirmative defenses in the complaint. *Zechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). However, "dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads [it]self out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown*, 457 F.3d 688, 691 (7th Cir. 2006).

Under ERISA, no fiduciary breach claim may be brought after the earlier of: (i) six years after the date of the last action which constituted a part of the breach or

violation, or, in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or (ii) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation. 29 U.S.C. § 1113. In the case at bench, MAV alleges that it received no compensation for valuable services that it performed on behalf of the Fund commencing in 1997. A fortiori, MAV would have had knowledge that it was not receiving compensation for its services. Yet, MAV remained silent until it filed its counterclaim on November 16, 2012, approximately fifteen years after it had become aware of the breach. MAV has, therefore, pleaded itself out of its counterclaims.

## CONCLUSION

For the foregoing reasons, Counter-Defendants' motion to dismiss pursuant to Rule 12(b)(6) is granted.

_____
Charles P. Kocoras
United States District Judge

Dated: June 10, 2013