**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, <br><br> Plaintiff, <br><br> v. <br><br> ALLISON ENTERPRISES, INC. d/b/a MID AMERICA VISION, MID AMERICA BENEFIT SERVICES, INC., and LAWRENCE SILVER, <br><br> Defendants. | Case No. 1:12-CV-04097 <br><br> Judge Charles P. Kocoras <br><br> Magistrate Judge Nan R. Nolan |

## PLAINTIFF'S MOTION SEEKING ENTRY OF FINAL JUDGMENT

Plaintiff, Board of Trustees of the Health and Welfare Department of the Construction and General Laborer's District Council of Chicago and Vicinity ("Fund" or "Plaintiff"), by counsel, respectfully requests the Court to enter final judgment in his matter. In support of its motion, Plaintiff states as follows:

1. On August 27, 2014, this Court granted summary judgment in favor of Plaintiff and against Defendants on all claims. [Doc. #141]

2. The Court's Memorandum and Order stated that the only issue to be determined was the extent of damages. [Doc. #141] The Court thus ordered an accounting of the corporate Defendants' assets and ordered the Fund to submit its claimed damages to the Court upon receipt of that accounting. [Doc. #141]

3. The Parties have exchanged information, conferred and agreed on the amount of damages at issue in this case. On August 20, 2015, the parties filed with the Court a Stipulation as to Damages, stating that the amount of damages totals $399,055.66. [Doc. #145]

4. Plaintiff respectfully seeks entry of final judgment in this matter in Plaintiff's favor and against Defendants, Lawrence Silver, Allison Enterprises, Inc. d/b/a Mid America Vision and Mid America Benefit Services, Inc., jointly and severally, in the amount of $399,055.66, plus prejudgment interest compounded annually over a 41-month period from May 1, 2012 through September 30, 2015,[1] for a total of $445,134.42. [*See*, interest calculation attached as Exhibit A]

5. The Seventh Circuit has held that prejudgment interest is presumptively available to victims of federal law violations, and specifically to ERISA cases, to make the plaintiff whole. *Lorenzen v. Employees Retirement Plan of the Sperry and Hutchinson Co., Inc.,* 896 F.2d 228, 236 (7th Cir. 1990) ("It is a salutary trend—without it there is incomplete compensation to victims of wrongdoing and there are added incentives to resist and delay the bringing of the wrongdoer to book—which led us recently to conclude that the time had come 'to generalize, and to announce a rule that prejudgment interest should be presumptively available to victims of federal law violations.'") (quoting *Gorenstein Enterprises, Inc. v. Quality Care–USA, Inc.,* 874 F.2d 431, 436 (7th Cir.1989)). *See also*, *McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 572 (7th Cir. 2003) ("We decided in [*Gorenstein*] that such interest was necessary to make the plaintiff whole and discourage delay by the defendant in making reparations. The rule we articulated in *Gorenstein* was broad and we have consistently applied the presumption in favor of prejudgment interest for willful violations of federal law in the years since."); *Fritcher v. Health Care Serv. Corp.,* 301 F.3d 811, 820 (7th Cir. 2002) (finding that in ERISA actions,

---

[1] The Fund is utilizing a conservative time period for prejudgment interest. The diversion of the money paid to Defendants happened over a period of time, however the last check paid to MAV by the Fund cleared the Fund's account on April 27, 2012 [*See*, Exhibit 3 to Declaration of Lori Williams (Exhibit A to Plaintiff's Statement of Facts in Support of Motion for Summary Judgment; Docket #112-45 (filed under seal)) at pages Bates numbered SILVER RFP 108-109] Thus, all of the stipulated damages had at least accrued by that date, which was some 41-months prior to this motion.

"prejudgment interest should be *presumptively* available....Without it, compensation of the plaintiff is incomplete and the defendant has an incentive to delay.").

6. Prejudgment interest is further available under the principal of unjust enrichment, one of Plaintiff's claims and requests for relief in this case. *Lorenzen*, 896 F.2d at 236 ("Moreover, the award of prejudgment interest has an independent ground in this case: the principle of unjust enrichment.").

7. The Seventh Circuit has also held that the prime rate is generally the appropriate rate to use for prejudgment interest. *Fritcher,* 301 F.3d at 820; *Gorenstein.,* 874 F.2d at 437; *In re Oil Spill by the Amoco Cadiz Off the Coast of France on March 16, 1978,* 954 F.2d 1279, 1331 (7th Cir. 1992); *Partington v. Broyhill Furniture Industries, Inc.,* 999 F.2d 269, 274 (7th Cir. 1993); *Barrow v. Falck,* 11 F.3d 729, 732 (7th Cir.1993); *Hopkins v. Prudential Ins. Co. of America*, 432 F.Supp.2d 745, 766 (N.D.Ill. 2006); *Montgomery v. Aetna Plywood, Inc.*, 39 F.Supp.2d 915, 939 (N.D.Ill. 1998). Also, the interest should be compounded so as to more closely put the plaintiff in the position he or she otherwise would have been in. *Montgomery*, 39 F.Supp.2d at 939.

8. The prime interest rate has been 3.25% since 2009. *See*, http://www.federalreserve.gov/releases/h15/data.htm.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter final judgment in this matter in the amount of $445,134.42.

| | |
|---|---|
| DATED: OCTOBER 16, 2015 | Respectfully submitted, |

Robert P. Casey (0409049)  
Thomas Vasiljevich (6183603)  
Kimberly A. Jones (6293083)  
**OGLETREE, DEAKINS, NASH,**  
  **SMOAK & STEWART, P.C.**  
155 North Wacker Drive  
Suite 4300  
Chicago, IL 60606  
Telephone: 312.558.1220  
Facsimile: 312.807.3619  
robert.casey@ogletreedeakins.com  
thomas.vasiljevich@ogletreedeakins.com  
kimberly.jones@ogletreedeakins.com  

By:   /s/ Kimberly A. Jones  
    One of the Attorneys for Plaintiff  
    BOARD OF TRUSTEES

# CERTIFICATE OF SERVICE

I certify that on October 16, 2015 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

>William J. Quinlan
>wjq@quinlanfirm.com
>Sarah Steele
>smcturnan@quinlanfirm.com
>THE QUINLAN LAW FIRM, LLC
>20 South Clark Street, Suite 2900
>Chicago, IL 60603

I further certify that on October 16, 2015 service was made on the following non-registered ECF parties by placing copies of the foregoing in an envelope properly addressed to them and with sufficient first-class postage pre-paid:

>Arthur H. Evans
>130 South Jefferson Street, Suite 500
>Chicago, IL 60661
>
>Agent for Defendants Allison Enterprises Inc., d/b/a Mid America Vision and Mid America Benefit Services, Inc.

>/s/ Kimberly A. Jones
>Kimberly A. Jones